### BROWN v. LEAVITT.

An amendment of a declaration, changing the form of action, is not allowable, reaffirming the doctrine of *Little* v. *Morgan,* 31 N. H. 499.

ASSUMPSIT, by John H. Brown and others against Thomas Leavitt and others. The first count was general, for labor and services and materials furnished in building a hotel at Great Boar's Head. The second count alleged a special contract for building the same hotel. At a hearing before an auditor, it appeared that the hotel was in fact built under a contract in writing under seal. Whereupon, the plaintiffs moved for leave to amend their writ and declaration by striking out the counts in assumpsit, and substituting general counts in debt, and a special count upon the sealed contract. Subject to the defendants' exception, the amendments were allowed *pro forma.* The original declaration and the amendments, the auditor's report and instructions to the auditor, the entries upon the record, and the papers filed in court by both parties, were made a part of this case.

*Hatch* and *Wood*, for the plaintiffs, cited and commented on 1 Chit.
Pl. 198; *Baldwin* v. *Soule*, 6 Gray 323; *Cunningham* v. *Hall*, 7 Gray
559; *Reed* v. *Scott*, 30 Ala. 640; *Wing* v. *Chase*, 35 Me. 265; *Googins*
v. *Gilmore*, 47 Me. 16; *Mann* v. *Brewer*, 7 Allen 202; *Yost* v. *Eby*, 23
Pa. St. 327; *May* v. *Footner*, 32 E. L. & E. 309; *Billing* v. *Flight*,
6 Taunt. 419 (1 E. C. L. 433); *Billing* v. *Pooley*, 6 Taunt. 422 (1 E.
C. L. 435); 1 Arch. N. P. 125, 369.

*Frink* (with whom was *Marston*), for the defendants, contended that
this amendment changes not only the form but the cause of action;
that it appears, by the papers which are made a part of the case, that
the plaintiffs originally declared in assumpsit purposely, upon the ground
that the sealed contract had been rescinded by the parties, and made
no motion to amend until after that issue of fact had been decided
against them; and, besides several cases which are referred to in the
opinion, cited *Butterfield* v. *Harvell*, 3 N. H. 202; *Goddard* v. *Perkins*,
9 N. H. 490; *Lawrence* v. *Langley*, 14 N. H. 72; *Pillsbury* v. *Spring-
field*, 16 N. H. 571; *Taylor* v. *Dustin*, 43 N. H. 495; *Patrick* v. *Cowles*,
45 N. H. 554; *Haynes* v. *Morgan*, 3 Mass. 209; *Packard* v. *Richardson*,
17 Mass. 143; *Ball* v. *Claflin*, 5 Pick. 303; *Guilford* v. *Adams*, 19 Pick.
376; *Hayward* v. *Hapgood*, 4 Gray 438; *Davenport* v. *Holland*, 2 Cush.
12.

HIBBARD, J.    Some of the authorities, to which our attention has
been called by the counsel for the plaintiffs, expressly sanction the
allowance of amendments which change the form of action; but in
this State the decisions have been uniformly the other way.

In *Stevenson* v. *Mudgett*, 10 N. H. 338, the proposed amendment was
allowed upon the ground that the form of action was not changed, and
the identity of the cause of action was preserved; and in *Merrill* v.
*Russell*, 12 N. H. 79, this doctrine of *Stevenson* v. *Mudgett* was quoted
and approved.

In *Gilman* v. *School District*, 18 N. H. 215, the facts were identical
with those of the case at bar, but the motion was not the same.    The
action was assumpsit, and the plaintiff proposed to add by amendment
a count upon a sealed instrument without changing the form of action;
but the court decided that " an action of assumpsit cannot be main-
tained upon a contract under seal, nor can any action upon such a con-
tract be joined with assumpsit on a parol contract."

In *Little* v. *Morgan*, 31 N. H. 499, the precise question was raised
that this case presents.    The plaintiff proposed to amend by striking
out the count in assumpsit and substituting a count in debt, but it was
held that " an amendment of a declaration changing the form of ac-
tion is not allowable;" and WOODS, C. J., in delivering the opinion of
the court, said,—" The various forms of action have always been re-
garded as substantial and material.    A uniform practice has treated
them as being so.    It would be thought absurd to allow a declaration
in assumpsit, either ignorantly, or with knowledge and by design,

adopted for the recovery of a tract of land, to be changed to a plea of land, upon objection properly taken to the declaration; yet, if a change in the form of action be allowable, it would be so in that case." The authority of the court at the time of that decision was precisely the same as now. Rev. Stats., ch. 186, secs. 10, 11; Comp. Stats., ch. 198, secs. 10, 11; Gen. Stats., ch. 207, secs. 8, 9.

In the following recent cases, the doctrine that the form of action cannot be changed by way of amendment is recognized: *Wiggin* v. *Veasey*, 43 N. H. 314; *Page* v. *Jewett*, 46 N. H. 445; *Newell* v. *Horn*, 47 N. H. 382; *Smith* v. *Wiggin*, 48 N. H. 110; *Burleigh* v. *Merrill*, 49 N. H. 36; *Stearns* v. *Wright*, 50 N. H. 295.

An unreported case, decided in Grafton county about twenty-five years since, is within the recollection of the present chief justice, although the names of the parties have been forgotten. The plaintiff had commenced a count "in a plea of the case," and then proceeded to give a perfect count in debt on a judgment. It being manifest that the attorney who drew the writ intended to declare in debt, and that the defect was a mere clerical error, an amendment was allowed. But that amendment cannot be regarded as really changing the form of action, and the allowance of it was not inconsistent with the established rule.

The records and papers upon which the defendants rely, as showing that the amendment in this case also changes the cause of action, have not been furnished to us. Upon the views we entertain on the subject of changing the form of action, it becomes unnecessary that we should see them. According to all the authorities, an amendment which presents a new cause of action is never to be allowed. The danger of doing injustice to the defendants by permitting a change in the form of action, provided that the cause of action remains the same as was originally intended, may not be serious. Were the question now presented for the first time in our practice, we are not prepared to say that we should dispose of it in the manner we now do. But we are of the opinion, in view of this unbroken current of decisions, that defendants, and third persons having intervening rights, may well understand that courts in this State will not allow amendments changing the form of action, until the legislature shall see fit to interpose by making express provision for such cases.

It has been suggested that an attachment was made on the original writ, which will be lost unless this amendment is sustained. But, if the rights of third persons have intervened, the state of facts may be such as to render the amendment ineffectual were it allowed. It might dissolve the attachment. Gen. Stats., ch. 207, sec. 9; *Page* v. *Jewett*, 46 N. H. 445. But, where the original writ and the amendment embrace the same demand, and for the same amount, it seems probable that the attachment would be held to remain good. *Smith* v. *Brown*, 14 N. H. 69.                                    *Exception sustained.*